<u>United States District</u>
<u>Court of</u>
<u>Massachusetts</u>

Plaintiff;
   David Ribeiro (Pro Se)
   v.
Edward Fogarty Esq
Defendant

Civil Action No. _____

## Parties

1.) Plaintiff David Ribeiro (Pro Se) is a resident of Massachusetts and a citizen of the United States.

2.) Defendant Edward Fogarty is a resident of Massachusetts and a citizen of the United States.

## Jurisdiction

3.) This court has jurisdiction over this matter pursuant to 42 USC § 1983.

## Facts of complaint

4) Plaintiff was represented by Edward Fogarty on a criminal case on or about August of 2004. The defendant was appointed by the Superior court of Hampden County.

5) The defendant has violated his code of ethics as an attorney.

6) The defendant mislead his client in regard to motions that were dated to be submitted in August 2004. Defendant withheld actions and submitted actions six months later in February 2005.

7) The defendant intentionally stalled submitting actions to buy time for the assistant district attorney to attempt of find a victim/witness that could not be found.

8) Plaintiff told his attorney Edward Fogarty (defendant) that plaintiff discovered prosecutorial misconduct in documents that were mailed to plaintiff upon request of documents from the defendant.

9) The misconduct by prosecutors indicated on the back of a "Notice of Assignment of Counsel" form, which indicated that the ADA Catherine Higgins (disclosed a charge to the grand jury that plaintiff was not convicted of) to indict plaintiff. Said indictment hearing was conducted on 7-27-04.

<u>continued complaint</u>

10.) Plaintiff made the mistake of telling his court appointed attorney about the prosecutorial misconduct that plaintiff discovered before actually receiving the grand jury transcript.

11.) Plaintiff thought his attorney was working in the best interest of the plaintiff. However, that was not the case. Plaintiff's attorney broke confidentiality and informed the prosecutors of said misconduct.

Plaintiff's attorney has also lied to plaintiff on several ocassions.

12.) After plaintiff's attorney informed prosecutors of plaintiff's discovery, prosecutors altered the grand jury transcript to cover up prosecutorial misconduct.

13.) Plaintiff was initially charged with an armed robbery in Sept. 2003. That armed robbery charge was dismissed. Plaintiff was convicted of "larceny over 250".

14.) The prosecutors altered the grand jury transcript to hide the fact that ADA Catherine Higgins showed the armed robbery charge to indict plaintiff and withheld the fact that plaintiff was not convicted of armed robbery.

15.) The ADA Catherine Higgins showed the armed robbery charge to indict plaintiff because plaintiff was arrested for and charged with another armed robbery in July 2004.

This was a desperate attempt by the ADA to receive an indictment because the victim/witness did not appear for his grand jury testimony on 7-27-04.

## Relief Sought

16.) Plaintiff wishes to sue defendant in his individual capacity as well as official capacity.

17) Plaintiff was denied effective defense counsel and the defendant violated his code of ethics and violated plaintiff's right to effective counsel.

Plaintiff's monetary demand against defendant is in the sum of $50,000 fifty thousand dollars of american currency.

## Damages

18.) Plaintiff lost all motions that were submitted by defendant, because of his conspiracy with the prosecutors to railroad plaintiff and violate plaintiff's rights to effective counsel.

19.) Plaintiff had no choice but to represent himself because the Judge at motion to dismiss plaintiff's attorney was denied. Judge stated to plain (at motion hearing) that plaintiff could either stay with the attorney or represent myself.

20.) The Judge did not offer to assign an effective attorney to represent plaintiff.

21.) Plaintiff chose to represent himself instead of having an attorney that was clearly working and conspiring with prosecutors to lie to plaintiff and railroad plaintiff.

22.) Wherefore, the plaintiff demands judgement against the defendant for: damages and any other relief this court may deem just and proper.

23.) Plaintiff humbly requests trial by Judge.

Respectfully submitted by pro se plaintiff,

David Ribeiro (Pro Se)
629 Randall Road
Ludlow, MA, 01040

*David Ribeiro*

Date: 4-21-05

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Ribeiro (Pro Se)

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Hampden
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): N/A

Attorneys (If Known): N/A

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Ineffective assistance of counsel/legal malpractice.

Brief description of cause:
Attorney Edward Fogarty esq. violated plaintiff's right to effective assistance of counsel

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000
one hundred thousand dollars

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: 
DOCKET NUMBER:

DATE: 4-21-05

SIGNATURE OF ATTORNEY OF RECORD: David Ribeiro (Pro Se)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Plaintiff_ David Ribeiro V. _Defendant_ Edward Fogarty

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓ II. 195, 368, 400, (440), 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

    ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒   NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐   Central Division ☐   Western Division ☒

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

Coversheetlocal.wpd - 10/17/02