UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID RIBEIRO,                )
           Plaintiff    )
                        )
    v.                      )   Civil Action No. 05-30098-MAP
                        )
                        )
EDWARD FOGARTY, ESQ.,         )
           Defendant    )

REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL
September 26, 2005

NEIMAN, U.S.M.J.

David Ribeiro ("Plaintiff"), proceeding *pro se*, has filed a complaint and an application to proceed *in forma pauperis*, both of which have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and District Judge Michael A. Ponsor's Standing Order dated August 5, 2002. For the reasons stated below, the court will allow Plaintiff's application to proceed but will recommend that the underlying complaint be summarily dismissed.

I. BACKGROUND

Plaintiff's lawsuit, filed on April 25, 2005, alleges that his former attorney, Edward Fogarty ("Fogarty"), colluded with state prosecutors while representing him in state criminal proceedings in 2004 and 2005, thereby denying Plaintiff his constitutional right to effective assistance of counsel. More specifically, Plaintiff claims that Fogarty wrongly told state prosecutors that grand jury testimony concerning Plaintiff's previous criminal activity was false. (Compl. ¶¶ 8-10.) As a result of this alleged disclosure, the

prosecutors supposedly "altered the grand jury transcript to cover up [the] prosecutorial misconduct: evidenced by the false testimony." (*Id.* ¶ 12.) Plaintiff also maintains that Fogarty "intentionally staled [sic] submitting motions to buy time for the assistant district attorney to attempt [to] find a [grand jury] victim/witness that [sic] could not be found." (*Id.* ¶ 7.) Plaintiff maintains that he "lost all motions that were submitted . . . because of [Fogarty's] conspiracy with the prosecutors to railroad plaintiff and violate plaintiff's rights to effective counsel." (*Id.* ¶ 18.) Plaintiff ultimately "chose to represent himself instead of having an attorney that [sic] was clearly working and conspiring with prosecutors to lie to plaintiff and railroad plaintiff." (*Id.* ¶ 21.) At bottom, Plaintiff implies that he was wrongfully convicted of the crime with which he was charged and, in the instant complaint, seeks $50,000 in damages. He avers that this court has jurisdiction over his case pursuant to 42 U.S.C. § 1983.

In his *in forma pauperis* application, Plaintiff indicates that he is not employed at the Hampden County Jail.[1] Plaintiff also represents that, other than disability payments that stopped when he was incarcerated, he did not receive any income in the six months preceding the filing of the complaint. Moreover, Plaintiff states that he does not have any liquid or non-liquid assets. To this end, Plaintiff attached to the application a receipt for a March, 2005 commissary order showing a purchase in the amount of $15.53 and a resulting "fund balance" of $.63.

II. DISCUSSION

---

[1] Plaintiff recently informed the Clerk's office that he has been transferred to MCI-Concord, but provides no updated employment information.

I. <u>Motion to Proceed *In Forma Pauperis*</u>

A party bringing a civil action must either (1) pay the $250 filing fee when filing the complaint or (2) file an application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (filing fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing at least the past six months' transactions.

Because Plaintiff has not submitted the required prison account statement, his application to proceed without prepayment of the filing fee is subject to denial without prejudice. Nonetheless, given the significant passage of time since his application was filed, the court will allow Plaintiff's application and proceed to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2).

II. <u>The Merits of Plaintiff's Claim</u>

Section 1915(e)(2) authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting former 28 U.S. C. § 1915(d)), fails to state a claim on which relief may be granted, or

seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).  Section 1983, for its part, provides a cause of action for a plaintiff to allege that a defendant, under color of law, deprived him of rights secured by the Constitution.  See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

In the court's view, Plaintiff has not stated a § 1983 claim upon which relief may be granted because of the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a litigant seeking to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must prove that a judicial challenge to the conviction or imprisonment has been terminated in favor of the litigant.  *Id.* at 486-87.  Here, Plaintiff alleges that Fogarty's conduct deprived him of his right to effective assistance of counsel and implies that, as a result of Fogarty's conduct, he was convicted of a crime.  If, indeed, Fogarty was ineffective in his representation of Plaintiff, Fogarty's alleged misconduct would "render a conviction or sentence invalid." *Id.* at 486.  In short, Plaintiff cannot seek damages for Fogarty's purported ineffective assistance of counsel because he has not alleged that a judicial challenge to his recent conviction has been terminated in his favor.  *See e.g., Osuch v. Gregory*, 303 F. Supp. 2d 189, 196-97 (D. Conn. 2004) (dismissing plaintiff's § 1983 damages claim for ineffective assistance of counsel on the ground that it was barred by *Heck*); *Stote v. Bennett*, 2002 WL 32166533, at *3 (D. Mass. Sept. 10, 2003) (same); *Evans v. Nassau County*, 184 F. Supp. 2d 238, 243 (E.D.N.Y. 2002) (same).

III. CONCLUSION

For the foregoing reasons, the court hereby recommends that this action be summarily DISMISSED.[2]


DATED: September 26, 2005

                                                /s/   Kenneth P. Neiman
                                                KENNETH P. NEIMAN
                                                U.S. Magistrate Judge

---

[2]  Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).