UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Plaintiff,

David Ribeiro, Pro Se

v.

Edward Fogarty Esq.,

Defendant.

Civil action # 05-30098-MAP

Date: October 6, 2005

PLAINTIFF'S OBJECTION TO COURT'S RECOMMENDATION FOR SUMMARY DISMISSAL; Date of recommendation September 26, 2005

Date plaintiff received September 30, 2005  U.S. M.J. Neiman, dissenting

The above named plaintiff moves this honorable court with this motion to object and oppose the courts decision in regard to "summary dismissal" in favor of the defendant in the above entitled action.

(1) Plaintiff is in the appeal process of his erroneous false arrest and wrongful conviction.

(2) Plaintiff was wrongfully convicted because of his indigency and a court appointed attorney that was clearly violating his code of ethics as an attorney and violated plaintiff's clearly established constitutional right to effective counsel under the 6th amendment clause of the United States constitution.

(3) Defendants ineptitude in his lack of interest by his malicious and negligent representation of the plaintiff clearly indicates that the defendant was conspiring with prosecutors in the intentional railroading of his client (the plaintiff).

(4) Plaintiff filed this action at this time because of time limitations that require a 2 year limitation after the discovery of constitutional violation(s). However, the plaintiff wishes to preserve his rights for a time in the future after appellate review.

(5) Plaintiff is seeking civil action against defendant due to the fact that plaintiff filed a motion to terminate appointed counsel at criminal proceeding for ineffectiveness, breaking attorney/client confidentiality, and doing everything in his power to make it appear that the defendant was working on plaintiff's side (at criminal proceeding) when in fact the defendant was working against his client (the plaintiff) in conspiring with prosecutors to convict plaintiff for a crime he did not commit.

(6) The plaintiff knew the defendant was working with prosecutors. That's when plaintiff tried to terminate defendant in a "motion to dismiss appointed counsel" and "For it to be allowed that the defendant represent himself". (Please see attached exhibit #1)(motion)

(7) Plaintiff believed that he would have done a better job then a "sell out" court appointed attorney, because plaintiff knew he would lose his criminal case with the inept, conspiring, negligent attorney that he was appointed.

(8) Plaintiff's prediction was correct. Plaintiff ultimately was wrongfully convicted.

(9) Plaintiff requested to the defendant that he reveal to the court at trial the police lies, misconduct, and fabricated police reports the police made, to impeach officers at trial, because police ultimately are liars and perjured themselves.

10) One of the many lies by police in report (that plaintiff can prove) is that the police claim plaintiff was mirandized and that plaintiff signed miranda warning card, and that the card was placed into evidence. The plaintiff obtained said miranda card at discovery hearing and their is no signiture of the plaintiff on miranda warning card. Plaintiff was never mirandized nor did he sign miranda warning card.

11) After plaintiff made his attorney aware of the lies (regarding the miranda issue) defendant leaked this information to police and prosecutors at statement suppression hearing on 2-17-05 and police changed what they wrote in report to say that now the "plaintiff refused to sign miranda warning card".

12) When plaintiff took stand at statement suppression hearing in his own defense, when plaintiff was about to reveal to the court that police are liars and fabricated police reports and perjured themselves at said hearing, just when the plaintiff was going to impeach the officers the defendant rudely cut-off the plaintiff with a "shussing" sound as to disrupt what the plaintiff was about to reveal to the court.

13) Plaintiff told his attorney (the defendant) to impeach the officers and inform the court of their lies. The defendant never did.

14) The defendant knew that if he would have revealed to the court the perjury and lies and fabricated police reports, that is grounds for dismissal of the indictment against the plaintiff according to law.

15) Plaintiff asked his attorney (the defendant) to inform the court that according to law: "mere proximity to contraband and a person(s) having control of it is insufficient to establish constructive possession" see;

> united states v. Earl, 27 F. 3d 423, 425, (9th cir 1994)
>
> united states v. vasquez-chan, 978 F. 2d 546, 553 — (9th cir 1992)
>
> commonwealth v. Araujo, 650 N.E 2d 352, 38 mass. App ct. 960

16) Plaintiff researched above case law and presented it to the defendant at trial in plaintiff's defense. Plaintiff asked the defendant to inform the court at trial of the above case law. Defendant never did.

17) Police found items consistant with a crime found in building in high crime area in some trash on third floor of building. Police planted said items found on plaintiff: Gun, mask, clothes.

18) Plaintiff asked the defendant to inform the court that items found by police did not contain the DNA or fingerprints of the plaintiff. Defendant never did.

19) Plaintiff informed his court appointed attorney (the defendant) that the plaintiff discovered prosecutorial misconduct, in a phone conversation in october of 2004. The prosecutorial misconduct was the prosecutors disclosing an invalidated charge (that should of been expunged of plaintiff's record) to indict plaintiff.

20) Plaintiff made the error of confiding and trusting the defendant because the defendant leaked to the prosecutors of the plaintiffs discovery of prosecutorial misconduct, and defendant and [illegible] altered the grand jury transcript to cover up their misconduct.

(21) Plaintiff believed he could trust his attorney, and did not believe the defendant would break attorney/client confidentiality and inform the prosecutors of plaintiffs discovery which gave prosecutors the opportunity to alter the grand jury transcript to cover up their misconduct, because plaintiff did not posses the grand jury transcript yet, but discoverd the misconduct through a document that was mailed to plaintiff which was police reports. In those reports was a "Notice of assignment of counsel" form that indicated an invalidated criminal charge (that should have been expunged off plaintiff's record) that was disclosed to the grand jury to indict plaintiff. "The Notice of assignment of counsel" has a "Grand Jury - exhibit #1" stamped on the back indicating the invalidated charge was shown to grand jury to indict plaintiff. However, The grand jury transcript is conflicting because it indicates a different charge that plaintiff was convicted of which was "possession with intent to distribute" which is listed as "Grand Jury exhibit #1". How can you have two different "Grand Jury exhibit #1's?

The defendant was the only person that plaintiff spoke with regarding plaintiff's discovery of said prosecutorial misconduct.

(22) The defendant filed a "motion to dismiss" due to prosecutorial misconduct. In said motion the defendant did not reinforce the motion with any case law pursuant to, com v. O'Dell (1984) 466 N.E. 2d 828, 392 mass. 445., com v. Pratt, 407 mass. 647, 659 (1990) com v. Ramos, 402 mass. 209, 215 (1988)., com v. Salman, 387 mass. 106, 67-68 (1982). All these cases should have been in said prosecutorial misconduct motion. However, the motion had no case law.

(23) (Please see exhibit #2 motion) It is well documented that any false, deceptive, distorded omissions in the grand Jury indictment hearing whether verbally or presented through documents is grounds for the "prophylactic measure" of dismissing the indictment, according to law.

(24) No wonder motion was denied by Judge Sweeney. It was a baseless motion without any memorandum of law.

(25) Police also fabricated police reports indicating that plaintiff was allowed to use telephone upon his arrest. Plaintiff asked the defendant to inform the court that police never allowed plaintiff to use telephone even after plaintiff requested to use telephone by police. Defendant never did.
according to law; "Anyone who is denied his right to use telephone upon his arrest at station to call family, friends or to engage the services of an attorney, as a result of such intentional deprivation, evidence obtained as a result shall be suppressed, because it is a violation of state declaration of rights".
Defendant filed a motion to suppress evidence even after plaintiff requested he do so.
Through these negative actions it shows a total disregard and miscarriage of justice which resulted in a guilty verdict at trial, only because the points of law and mitigating issues that a fallible attorney should have raised in trial, were not, which is a clearly indication of the defendants inept representation.

that require the "prophylactic measure" of dismissing the indictment, according to case law.

(26) The "motion to dismiss, prosecutorial misconduct" that the defendant filed did not contain <u>any case law</u> in motion to support the position of <u>the defense</u>.
The defendant filed said motion without any memorandum of law. The plaintiff has never read a motion without case law in it.

(27) This is just another indication that the defendant was working for the plaintiff's demise.

(28) The plaintiff and defendant spoke about interloccutory appeals (only after the plaintiff mentioned interloccutory appeals to the defendant) in case "motion to dismiss" was denied. knowing that the "motion to dismiss" <u>was denied</u> by judge Sweeney the defendant never informed the plaintiff that motion was denied and therefore could not file an interloccutory appeal within the 10 day limitation that is required to file such appeal.

(29) The defendant intentionally withheld the information from his client that motion was denied so plaintiff could not in fact exhaust his remedy in an interloccutory appeal.

(30) By defendant not informating his client of the outcome of said motion the judge denied said motion without a finding of facts or case law to back her decision of denial of motion.

CLOSING

There has been a magnitude of multiple ethics violations and constitutional violations transpired against the plaintiff by defendant.

By the defendants inept actions it has caused the plaintiff to lose criminal case and ultimately conspired with prosecutors in the intentional railroading on an innocent person, the plaintiff

Therefore, plaintiff seeks damages against the defendant stated in original complaint and wishes to sue defendant in his official and individual capacity and any other relief this court may deem just and proper.

Thank you.
Respectfully submitted
David Ribeiro, Pro Se #W85454
P.O. Box 9106
Concord MA, 01742

David Ribeiro

Date: October 6, 2005

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

HAMPDEN, SS.

COMMONWEALTH OF MASSACHUSETTS

VS.

DAVID RIBEIRO,

DEFENDANT

DOCKET NO. 04 913

MOTION TO DISMISS
APPOINTED ATTORNEY
AND FOR IT TO BE
ALLOWED THAT
DEFENDANT REPRESENT
HIMSELF; PRO SE:

I DAVID RIBEIRO, the defendant, in the aboved entitled action, respectfully move that the court dismiss Edward Fogarty, the attorney appointed to represent me therein, for the following reasons, and that the court allow the defendant to represent himself therein:

1) My attorney is not representing me effectively.

2) My attorney has stalled submitting motions in a timely fashion.

3) My attorney mislead his client in regard to when he would file motions; Identification motions that were to be submitted were dated for august, 2004.

4) Attorney filed said motions 6 months later in febuary 2005.

5) Defendants attorney intentionally delayed motions to give more time for the prosecutors to attempt to find a witnes that cannot be found and does not want to be found. Witness/victimm has not showed up for any court proceedings.

6) Defendants attorney has lied to his client on several occaissions.

7) Defendants attorney Edward Fogarty told his client to call him collect any time. However, when defendant calls his attorney, Mr. Fogarty hangs-up the phone on defendant.

8) Defendant had a trial date for march 21, 2005. Trial was never con ducted and defendant went to court on trial date and attorney Fogarty never spoke to his client telling him why his trial was delayed even though Mr. Fogarty was

## CERTIFICATE OF SERVICE

I, __DAVID RIBEIRO_____, the Defendant in the above-entitled matter, hereby certify that I have this day served a copy of the foregoing Motion to Dismiss Attorney and for Appointment of New Attorney upon the following by first class mail, postage prepaid: the Office of the District Attorney, Hampden Superiour court, Attorney Edward Fogart
_____.

Dated __4-5-05__

DAVID RIBEIRO
_David Ribiro_
Defendant, Pro Se
629 Randall Road
Ludlow MA, 01056

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN SS.                                        DOCKET NO: 04 913

COMMONWEALTH
V.
DAVID RIBEIRO

**MOTION TO DISMISS**

Now comes the Defendant and moves Dismissal of the Captioned matter due to prosecutorial misconduct before the Grand Jury insofar as the prosecutor presented to the Grand Jury evidence of a prior conviction against the Defendant for Armed Robbery. This was in the context of presenting evidence of a prior drug conviction of the Defendant. The prior Armed Robbery, reduced to Larceny, should have been expunged. The prior Armed Robbery severely prejudiced Defendant's rights before the Grand Jury and was presented in order to influence the Grand Jury's decision and was presented by the prosecutor with knowledge of the prejudicial effect.

Wherefore, Counsel seeks DISMISSAL of this matter.

*[Handwritten annotation: Denied. There was abundant evidence presented to the Grand Jury to support a finding of probable cause for each count of the indictment. The unfortunate but unintentional reference to a prior armed robbery charge, which had already been reduced to larceny, can hardly be considered as a factor in the Grand Jury's decision to return the indictments at issue.]*

THE DEFENDANT
By His/Her Attorney

_Edward B. Fogarty_

Edward B. Fogarty, Esquire
101 State Street - Suite 321
Springfield MA. 01103
Tel: (413) 827 0174
Fax: (413) 737 7782
BBO: 173090

Date: February 17, 2005

*[Handwritten: 03/08/05]*

*[Handwritten: n. 3-9-05]*

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB 18 2005

_Marie_
CLERK-MAGISTRATE

14.

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN SS.                                    DOCKET NO: 04 913

COMMONWEALTH
V.
DAVID RIBEIRO

## AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

My name is Edward Fogarty, an attorney in good standing in the Commonwealth with offices as stated below.

I have reviewed Grand Jury minutes and have been provided the exhibit presented to the Grand Jury.

The Exhibit, of a prior conviction of the Defendant, contains reference to an armed robbery charge, reduced to larceny. There was no reason to present this information to the Grand Jury other than to inflame and prejudice the Grand Jury against the Defendant.

Signed under pains and penalties of perjury this February 17, 2005.

THE DEFENDANT
By His/Her Attorney

*/s/ Edward B. Fogarty*

Edward B. Fogarty, Esquire
101 State Street – Suite 321
Springfield MA. 01103
Tel: (413) 827 0174
Fax: (413) 737 7782
BBO: 173090

Date: February 17, 2005

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

HAMPDEN SS.                                    DOCKET NO: 04 913

COMMONWEALTH
V.
DAVID RIBEIRO

**MOTION TO DISMISS**

Now comes the Defendant and moves Dismissal of the Captioned matter due to prosecutorial misconduct before the Grand Jury insofar as the prosecutor presented to the Grand Jury evidence of a prior conviction against the Defendant for Armed Robbery. This was in the context of presenting evidence of a prior drug conviction of the Defendant. The prior Armed Robbery, reduced to Larceny, should have been expunged. The prior Armed Robbery severely prejudiced Defendant's rights before the Grand Jury and was presented in order to influence the Grand Jury's decision and was presented by the prosecutor with knowledge of the prejudicial effect.

Wherefore, Counsel seeks DISMISSAL of this matter.

THE DEFENDANT
By His/Her Attorney

_Edward B. Fogarty_

Edward B. Fogarty, Esquire
101 State Street - Suite 321
Springfield MA. 01103
Tel: (413) 827 0174
Fax: (413) 737 7782
BBO: 173090

Date: February 17, 2005